NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANDIP SINGH, | No. 15-71510 |
| Petitioner, | Agency No. A205-555-912 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2019**
Seattle, Washington

Before: BEA and NGUYEN, Circuit Judges, and MÁRQUEZ,*** District Judge.

Mandip Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") decision denying asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence. *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We grant Singh's petition in part and remand.

1. The BIA assumed that Singh established past persecution on the basis of political opinion but denied Singh's claims for asylum, withholding of removal, and CAT relief on the ground that he can safely and reasonably relocate to another part of India. We grant the petition and remand as to these claims because the BIA's relocation analysis was not "sufficiently individualized." *Singh v. Whitaker*, 914 F.3d 654, 664 (9th Cir. 2019).

In *Singh*, a substantially similar case decided earlier this year, we held that the BIA did not adequately analyze Narinder Singh's ability to safely and reasonably relocate. *Id.* at 661. There, the BIA erred by not applying the presumption that the threat of future persecution by the government exists nationwide. *Id.* The BIA further erred by limiting its analysis to "whether the Punjabi police would follow Singh outside of Punjab, based on his past political activity," and not also discussing "the persecution he may face outside Punjab from local authorities, or other actors, based on his future political activities." *Id.*

The BIA made the same errors in this case. It did not apply the nationwide presumption, though Singh was entitled to it. It also failed to address whether Singh would face persecution by authorities outside Punjab. "Thus, the BIA's

2

analysis regarding whether Singh could reasonably relocate was inadequate." *Id.* We remand this case to the BIA for reevaluation of Singh's claims for asylum, withholding of removal, and CAT relief.[1]

2. We deny the petition as to Singh's claim for humanitarian asylum. "Humanitarian asylum based on past persecution may be granted where the petitioner has suffered 'atrocious forms of persecution.'" *Singh*, 914 F.3d at 662 (quoting *Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir. 2004)). Substantial evidence supports the BIA's conclusion that the persecution suffered by Singh does not rise to the level of severity warranting humanitarian asylum. *See id.* (rejecting humanitarian asylum claim based on similar past persecution).

Singh alternatively argues that humanitarian asylum should be granted because he is likely to suffer "other serious harm" if removed to India. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(B). We lack jurisdiction over this argument, however, because Singh did not present it to the BIA. *See Szonyi v. Whitaker*, 915 F.3d 1228, 1233 (9th Cir. 2019).

Each party shall bear its own costs on appeal.

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**

---

[1]    In *Singh*, we upheld the BIA's denial of CAT relief because the BIA relied only "in part" on the relocation determination. 914 F.3d at 663. In this case, we remand Singh's CAT claim because the BIA's denial relied solely on the relocation determination.